# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# HELENA DIVISION

MANUEL DE JESUS BEZA                                                                                              PETITIONER

v.                                                     No. 4:08CV02909 JLH

DEPARTMENT OF HOMELAND SECURITY                                                             RESPONDENT

## OPINION AND ORDER

Manuel de Jesus Beza filed his Petition for Review against the Department of Homeland Security asking that the Court (1) review his application for naturalization de novo; (2) grant him the status of a naturalized citizen of the United States of America; and (3) award him his reasonable attorney's fees for bringing the action pursuant to the Equal Access to Justice Act (EAJA). The Department of Homeland Security filed a motion to dismiss, in which it argued that the Court no longer had subject matter jurisdiction and that Beza was not entitled to attorney's fees under the EAJA. Beza did not file a response to the motion to dismiss, but instead he filed a motion for summary judgment, saying that he would not agree to dismissal and asking for an award of attorney's fees. For the following reasons, the Department of Homeland Security's motion to dismiss is granted, Beza's motion for summary judgment is denied as moot, and Beza's request for attorney's fees is denied.

**I.**

At the time of his petition, Beza was a citizen of Guatemala. He had entered the United States illegally in 1987. On July 9, 2001, an immigration court adjusted his status to that of a lawful permanent resident on the basis of his residence in the United States and his spouse, Maria Araceli Gallegos, who had previously been granted suspension of deportation under the Nicaraguan Adjustment and Central American Relief Act (NACARA).

On July 13, 2007, Beza filed an Application for Naturalization, N-400, with the Department of Homeland Security, United States Bureau for Customs and Immigration Services (USCIS). On May 22, 2008, the USCIS denied his application because Beza had falsely stated that he had never been in an immigration court proceeding or removed by an immigration judge. Beza states that he did not intentionally make the false statement. Instead, he says that he made an honest mistake in believing that his previous removal proceeding was not actually a removal proceeding because it did not result in his removal, and he asserts that such a mistake did not make him a person of bad moral character as determined by the USCIS.

Beza then filed his Petition for Review in this Court on September 19, 2008. On its own motion, the USCIS reconsidered Beza's application and approved it on November 24, 2008. The next day, the United States Attorney's Office notified Beza about the granting of his application for naturalization. Beza has refused to dismiss his Petition for Review against the Department of Homeland Security.

## II.

In its motion to dismiss, the Department of Homeland Security argues that the Court no longer has subject-matter jurisdiction and that Beza's petition should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1). Beza's petition states that the Court has jurisdiction based on 8 U.S.C. § 1421(c), which states:

> A person whose application for naturalization under this subchapter is denied, after a hearing before an immigration officer under section 1447(a) of this Title, may seek review of such denial before the United States district court for the district in which such person resides in accordance with chapter 7 of Title 5. Such review shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application.

Because Beza's application for naturalization has now been granted, the Department of Homeland Security asserts that the Court no longer has jurisdiction to consider his Petition for Review under 8 U.S.C. § 1421(c).

In response, Beza argues that the necessary FBI background and fingerprint clearances could take years and asks that the Court retain jurisdiction until Beza is sworn in as a United States citizen so as to guard against any unreasonable or unnecessary delays. Beza asserts that protection against potential delays, even after his application for naturalization has been granted, is sufficient reason for the Court to maintain jurisdiction, but he provides no case or statutory law in support of his argument for continued federal district court jurisdiction.

At issue is whether Beza's Petition for Review is now moot. A litigant must show the existence of an actual, ongoing controversy under Article III of the Constitution; otherwise his claim is moot. *Iowa Prot. and Advocacy Services v. Tanager, Inc.*, 427 F.3d 541, 543 (8th Cir. 2005) (citing *Deakins v. Monaghan*, 484 U.S. 193, 199, 108 S. Ct. 523, 98 L. Ed. 2d 529 (1988); *Potter v. Norwest Mortgage, Inc.*, 329 F.3d 608, 611 (8th Cir. 2003)). Mootness has been defined as "the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 397, 100 S. Ct. 1202, 1209, 63 L. Ed. 2d 479 (1980) (quoting Henry Monaghan, *Constitutional Adjudication: The Who and When*, 82 YALE L.J. 1363, 1384 (1973)). One of the central purposes of the mootness doctrine is to avoid ruling on the merits unless necessary. *Firefighters Local Union No. 1784 v. Stotts*, 467 U.S. 561, 596–97, 104 S. Ct. 2576, 2597, 81 L. Ed. 2d 483 (1984). Thus, when there is no longer a "live" issue or a legally

cognizable interest in the outcome of the litigation, the case is moot. *Powell v. McCormack*, 395 U.S. 486, 497, 89 S. Ct. 1944, 1951, 23 L. Ed. 2d 491 (1969).

Although there are a number of exceptions to the mootness doctrine[1], Beza makes no argument that one applies to the present case. Here, Beza has asked this Court to review the denial of his application for naturalization. His application has now been approved by the USCIS. Additionally, the Department of Homeland Security has shown that Beza submitted the required passport photographs and fingerprints and that on January 6, 2009, it sent him a Notice of Naturalization Oath Ceremony. The naturalization ceremony was to take place on January 16, 2009. The record does not show whether Beza attended that ceremony and is now a naturalized citizen, but in any event, he was approved for naturalization and was given notice of his opportunity to take the oath of citizenship. Even if Beza did not attend the naturalization ceremony, he has already acquired the relief sought in this litigation: approval of his application for naturalization. The issue presented by Beza in his Petition for Review is no longer a live issue, and his claim is moot. The Court no longer has and need not retain subject matter jurisdiction over this matter. Therefore, Beza's Petition for Review is dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1), and Beza's motion for summary judgment is denied as moot.

## II.

In his motion for summary judgment, Beza also argues that he is entitled to attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Because this action is dismissed under Rule 12(b)(1), the Court does not have jurisdiction to consider the merits of Beza's motion

---

[1] Exceptions to the mootness doctrine generally include the following: collateral consequences; wrongs capable of repetition yet evading review; voluntary cessation; and class actions in which the named plaintiff's claim is rendered moot.

for summary judgment, which is denied as moot. However, the Court will treat Beza's request for attorney's fees as a separate motion.

The EAJA provides that a court may award reasonable attorney's fees to the "prevailing party" in any civil action against the United States or an agency of the United States. 28 U.S.C. § 2412(b). In *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001), the Supreme Court discussed and defined the meaning of "prevailing party" as used in fee-shifting statutes. Prior to *Buckhannon*, most circuit courts of appeals recognized the "catalyst theory," which defined a prevailing party as one that achieved the desired result "because the lawsuit brought about a voluntary change in the defendant's conduct." *Buckhannon*, 532 U.S. at 601–02, 121 S. Ct. at 1838. In *Buckhannon*, however, the Supreme Court overruled the catalyst theory as improperly allowing an award where no judicial ruling changed the legal relationship of the parties. *Id.* at 605, 121 S. Ct. at 1840. The Supreme Court stated that even though a defendant's voluntary change in conduct might have accomplished the plaintiff's objective in filing the lawsuit, such a voluntary change in conduct "lacks the necessary judicial *imprimatur* on the change." *Id.* To qualify as a prevailing party after *Buckhannon*, a litigant had to obtain a judgment on the merits, a court-ordered consent decree, or some other court-ordered action that effected a change in the legal relationship between the parties. *Id.* at 600, 604, 121 S. Ct. at 1838, 1840.

Beza cites to five cases that considered prevailing party status after *Buckhannon*. Each of those opinions—none of them by the Eighth Circuit—involved some kind of court order that materially altered to some degree the legal relationship between the parties.[2]

The Eighth Circuit has applied the *Buckhannon* decision to various factual situations. In *Sierra Club v. City of Little Rock*, 351 F.3d 840, 845 (8th Cir. 2003), a declaratory judgment that the City had violated its permit did not affect the City's behavior toward Sierra Club, and thus Sierra Club could not be considered a prevailing party. In *Advantage Media, LLC v. City of Hopkins*, 511 F.3d 833 (8th Cir. 2008), a sign company was granted a preliminary injunction halting the enforcement of a constitutionally suspect sign ordinance. However, the sign company failed to show that the ordinance was unconstitutional as it applied to the company, and thus the preliminary injunction did not materially alter the legal relationship between the parties. *Advantage Media*, 511 F.3d at 838. Therefore, even though the district court had initially entered a preliminary injunction in the sign company's favor, the company received no relief that materially altered its legal relationship with the city and did not merit prevailing party status. *Id.* In *Northern Cheyenne Tribe*

---

[2] Beza cites to the following cases: *Li v. Keisler*, 505 F.3d 913, 917–18 (9th Cir. 2007) (holding that a circuit mediator's remand orders furthered the petitioner's goals and thus constituted material alterations in the legal relationship between the parties for purposes of *Buckhannon*); *Carbonell v. Immigration and Naturalization Serv.*, 429 F.3d 894, 899–900 (9th Cir. 2005) (holding that a court order incorporating a stay of deportation materially altered the legal relationship between the parties); *Lord v. Chertoff*, 526 F. Supp. 2d 435, 438 (S.D.N.Y. 2007) (holding that a material alteration of the legal relationship between the parties occurred, even though the defendants ultimately approved the naturalization application, where there was a court-ordered enforceable agreement and the court retained jurisdiction to ensure enforcement of the agreement); *Berishev v. Chertoff*, 486 F. Supp. 2d 202, 204–06 (D. Mass. 2007) (holding that a court-ordered remand was a sufficient judicial imprimatur under *Buckhannon*); *Aboushaban v. Mueller*, 475 F. Supp. 2d 943, 946 (N.D. Cal. 2007) (holding that a court order requiring the defendants to adjudicate the petitioner's application in a timely fashion altered the legal relationship between the parties).

*v. Jackson*, 433 F.3d 1083, 1086 (8th Cir. 2006), the plaintiff was not a prevailing party where the district court had "granted only interim relief that preserved the status quo until it could resolve the merits of the [plaintiffs'] claims." In *Christina A. ex rel. Jennifer A. v. Bloomberg*, 315 F.3d 990, 992–93 (8th Cir. 2003), the district court had approved a settlement agreement and maintained enforcement jurisdiction. Because the remedies for any breach of the agreement were only an action for breach of contract or reinstatement of the dismissed action, rather than a contempt remedy, the district court's enforcement jurisdiction alone was insufficient to satisfy *Buckhannon*'s judicial imprimatur requirement. *Bloomberg*, 315 F.3d at 993. Finally, in *Cody v. Hillard*, 304 F.3d 767, 773 (8th Cir. 2002), a class of prisoners obtained a court-ordered consent decree that governed the prison's operation for twelve years. The Eighth Circuit held that the court-ordered consent decree "was clearly a judicially sanctioned change in the parties' relationship that conferred prevailing party status on the class under *Buckhannon*." *Id.* (citing *Buckhannon*, 532 U.S. at 605, 121 S. Ct. at 1835) (internal quotation marks omitted).

In this case, the Court has entered no order that amounts to the judicial imprimatur necessary to satisfy the *Buckhannon* standard for prevailing party status. The only two orders entered by this Court have been orders granting the Department of Homeland Security extensions of time to respond to the Petition for Review and to Beza's motion for summary judgment. The court orders in this case have neither furthered Beza's litigation objectives nor materially altered the legal relationship between Beza and the Department of Homeland Security. Beza has obtained no relief that resulted from a court order or continued enforcement jurisdiction. Instead, the USCIS, on its own motion, reconsidered and approved Beza's application for naturalization. Beza has tendered his passport photographs and fingerprints to the Department of Homeland Security, and he was approved for a

naturalization oath ceremony that occurred on January 6, 2009. Whether he attended the naturalization ceremony or not is irrelevant because he has obtained the desired goal of his litigation: approval for naturalization as a United States citizen. It may well be that the filing of Beza's Petition for Review was a catalyst for the USCIS's reconsideration of his application. After *Buckhannon*, however, the catalyst theory alone is insufficient to confer prevailing party status. A party must show that some court order amounting to a judicial imprimatur effected a change in the legal relationship between the parties, and Beza has failed to show that any such judicial imprimatur occurred in this case. Because Beza has not shown the necessary judicial imprimatur required by *Buckhannon* to confer prevailing party status, Beza is not a "prevailing party" for purposes of the EAJA's fee-shifting provision. Therefore, Beza is not entitled to his attorney's fees under the EAJA.

## CONCLUSION

For the foregoing reasons, Beza's claim against the Department of Homeland Security is moot, this Court no longer has subject-matter jurisdiction, and Beza is not a prevailing party for purposes of being awarded his attorney's fees. The Department of Homeland Security's motion to dismiss is GRANTED (Docket #10). Beza's motion for summary judgment and request for attorney's fees are DENIED (Docket #13).

IT IS SO ORDERED this 13th day of February, 2009.

*/s/ J. Leon Holmes*
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE